**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| MATTHEW ROGERS, <br> by his next friend and guardian, <br> KAREN BROWN, <br><br> Plaintiff, <br><br> v. <br><br> JON WEIZENBAUM, in his official capacity <br> as INTERIM COMMISSIONER, TEXAS <br> DEPARTMENT OF AGING AND <br> DISABILITY SERVICES, and KYLE JANEK, <br> in his official capacity as EXECUTIVE <br> COMMISSIONER, TEXAS HEALTH AND <br> HUMAN SERVICES COMMISSION, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | Cause No. 3:12-cv-4055 |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS
AND MEMORANDUM IN SUPPORT OF MOTION**

TO THE HONORABLE DAVID C. GODBEY:

Plaintiff, through undersigned counsel, file this *Motion for Attorneys' Fees and Costs and Memorandum in Support of Motion* pursuant to the Parties' Joint Motion to Stay Scheduling Order Deadlines and the Court's subsequent Order dated August 30, 2013 (Dkt. Nos. 31 and 32), stating the parties will submit motions for attorneys' fees by September 30, 2013 if an agreement could not be reached. Parties have been unable to come to a resolution and so file this motion. In support of this motion, Plaintiffs respectfully state as follows:

**I. Plaintiffs are Entitled to Reasonable Attorneys' Fees**

**A.    Determination of a Fee Award Begins with Calculation of the Lodestar**

An award of attorneys' fees is determined by multiplying "the number of hours reasonably expended…by a reasonable hourly rate." *Blum v. Stenson,* 465 U.S. 886, 888 (1984)

(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Once this figure (the "lodestar") is calculated, the court may adjust it based upon the factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]  A "strong presumption" exists that the lodestar figure represents a "reasonable fee" (*City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)), and it "should be modified only in exceptional cases."  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *see also Walker v. U.S. Dep't of H.U.D.*, 99 F.3d 761, 767 (5th Cir. 1996).

Here, Plaintiffs seek an award for a reasonable number of hours worked at hourly rates that are comparable to, or less than, the prevailing rates for lawyers with similar experience in Texas.  These figures are set forth in Section III. Summary of Fees and Expenses and are supported by the time records of Mark Whitburn and Garth Corbett (Exhibits A and B).

**B.      Plaintiffs Expended a Reasonable Number of Hours in this Litigation**

Plaintiffs demonstrate the reasonableness of their fee request by supporting it with contemporaneously created billing records containing "the date, the number of hours spent (calculated to a tenth of an hour), and a short but thorough description of the services rendered." Counsel's records, beginning in September 2012 and extending through the preparation of this fee request, easily satisfy the standard in *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.* ("*LULAC*"), 119 F.3d 1228, 1233 (5th Cir. 1997).  The level of detail in counsel's time records will assist the Court in determining whether the hours requested were

---

[1] These 12 factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

reasonably spent by counsel. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

### C.  Plaintiffs' Counsel Exercised Billing Judgment by Reducing their Hours

Prevailing plaintiffs are expected to exercise billing judgment by "writing off unproductive, excessive, or redundant hours." *Walker*, 99 F.3d at 769. In compliance with this requirement, Plaintiffs' counsel have exercised careful and reasonable billing judgment, reducing their hours where appropriate. For example, counsel reduced a portion of their time spent conducting factual and legal research, reviewing documents, conferring with other legal experts and collaborating with each other.[2] All total, Plaintiffs' counsel have excluded over 200 hours of their time in this case. Finally, travel time has been billed at 50% of counsel's reasonable and customary hourly rate. *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993).

Plaintiffs' reduction of more than 20% of their total hours demonstrates the exercise of billing judgment and exceeds the across the board reduction that courts have imposed in the absence of such action taken by counsel. *Cookston v. Miller Freeman, Inc.*, No. 98-2106, 1999 U.S. Dist. LEXIS 14381, at *15 (N.D. Tex. Sept. 14, 1999) (reducing hours by 15% where plaintiff's counsel offered no evidence of having written off hours).

### D.  Counsel's Hourly Rates are Reasonable

Counsel's hourly rates in this case are comparable to, or less than, the market rates of other attorneys practicing in Texas. Attorneys Whitburn and Corbett seek compensation at the rate of $300 per hour, which is less than that charged by many attorneys with far fewer years of experience. In fact, this hourly rate is comparable to the rates charged by *associates* at several

---

[2] This case was not over-staffed and all efforts were made to avoid duplication of effort by allocating litigation responsibilities between Plaintiffs' two attorneys.

3

large Dallas firms[3] and the median rate charged by lawyers practicing administrative and public law in the Houston/Baytown/Sugarland area.[4] This hourly rate is also less than the 2009 average equity-partner rates at law firms in Austin/San Antonio, Dallas/Fort Worth, or Houston[5] and less than the 2009 average rate for 7th-year associates at law firms in Austin/San Antonio and Dallas/Fort Worth.[6]

Attorney Corbett seeks compensation at the rate of $300 per hour, which is likewise comparable to the rate charged by newer associates at large Dallas firms,[7] and less than the 2009 average rates for 4th-year associates at law firms in Austin/San Antonio and Dallas/Fort Worth.[8] As explained more fully in their affidavits, Plaintiffs' attorneys are experienced disability rights attorneys and have successfully litigated numerous lawsuits in federal court to advance the rights of individuals with disabilities.

Plaintiffs' counsel are entitled to hourly rates comparable to their law-firm peers as the determination of a reasonable hourly rate does not vary based on "whether plaintiff [is] represented by private counsel or by [non-profit counsel]," but is consistent across the bar because it is "in the interest of the public that [non-profit] law firms be awarded reasonable attorneys' fees to be computed in the traditional manner[.]" *Blum v. Stenson*, 465 U.S. 886, 894-

---

[3] At the Winstead firm 6th-year associates bill at $315/hour, at Gardere Wynne Sewell 4th-year associates bill at $320/hour, and at Thompson & Knight 2d-year associates bill at $315/hour. *See* Billing Survey, National Law Journal (Dec. 19, 2011).

[4] The median rate for those lawyers was $313/hour. *See* 2009 Hourly Rate Fact Sheet (State Bar of Texas).

[5] In 2009 equity partners in Austin/San Antonio averaged $414/hour, in Dallas/Fort Worth $478/hour, and in Houston $393/hour. *See* Hourly Billing Rates, Texas Lawyer (October 28,2009)

[6] In 2009 7th-year associates at firms in Austin/San Antonio averaged $304/hour, and in Dallas/Fort Worth averaged $348. *See* Hourly Billing Rates, Texas Lawyer (October 28, 2009).

[7] At the Winstead firm 4th-year associates bill at $260/hour, at Gardere Wynne Sewell 2d-year associates bill at $260/hour, at Strasburger & Price 5th-yar associates bill at $258/hour, and at Thompson & Knight 1st-year associates bill at $250–280/hour. *See* Billing Survey, National Law Journal (Dec. 19, 2011).

[8] In 2009 4th-year associates at firms in Austin/San Antonio averaged $257/hour, and in Dallas/Fort Worth averaged $289. *See* Hourly Billing Rates, Texas Lawyer (October 28, 2009).

95 (1984). In *Blum,* the Supreme Court specifically rejected any distinction between the market rates for private and public interest attorneys. 465 U.S. at 894-95. Courts of Appeals have concluded that the community market rate standard, as articulated in *Blum*, requires courts "to assess the experience and skill of the attorneys and compare their rates to those of comparable lawyers in the private business sphere." *Student Pub. Interest Research Grp. v. AT&T Bell Labs*, 842 F.2d 1436, 1447 (3rd Cir. 1988); *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983) ("To pay public interest firms less than private firms could frustrate the prosecution of civil rights litigation"); *Torres v. Sachs*, 538 F.2d 10, 13 (2nd Cir. 1976) (holding that an award of fees may not be reduced because the prevailing party's counsel was employed by a civil rights organization).

## II. Plaintiffs are Entitled to Recover Reasonable Litigation Costs

In addition to reasonable attorneys' fees, Plaintiffs also seek recovery of litigation expenses for postage, copying/printing, medical records requested by Defendant, and deposition transcripts, as authorized by 28 U.S.C. §1920. "All reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, *travel,* and telephone, are plainly recoverable in section 1988 fee awards because they are part of the costs normally charged to a fee-paying client." *Associated Builders & Contractors, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 380 (5th Cir. 1990)(emphasis added);*West v. Nabors Drilling USA, Inc*., 330 F.3d 379, 395-96 (5th Cir. 2003) (reaching the same conclusion in the ADEA context); *Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 529 (5th Cir. 2001) (reaching the same conclusion in the Title VII context). Plaintiffs' litigation costs total $3,265.65 and are itemized below.[9]

---

[9] Underlying documentation of these costs can be provided upon request by Defendant or the Court.

### III.  Summary of Fees and Costs

*Attorneys' Fees*

| | | |
|---|---|---|
| A. | Mark Whitburn | $27,825.00 |
| B. | Garth Corbett | $3,900.00 |

*Litigation Expenses and Costs*

**Filing Fee and Service Costs**

| | | |
|---|---|---|
| 10.10.12 | U.S. Dist. Ct. No. Dist. | 350.00 |
| 10.15.12 | Norman Wiley | <u>130.00</u> |
| | | **480.00** |

**Medical Records Requested by Defendant**

| | | |
|---|---|---|
| 05.03.13 | Dr. Andrew Gelfand | 78.50 |
| 06.11.13 | UT Southwestern | 213.57 |
| 06.26.13 | UT Southwestern | <u>88.56</u> |
| | | **380.63** |

**Deposition Costs**

| | | |
|---|---|---|
| 07.24.13 | Sunbelt Reporting & Litigation Svcs. | 214.80 |
| 08.08.13 | Stoffels & Associates, Inc. | <u>1,199.00</u> |
| | | **1,413.80** |

**Travel Expenses**

| | | |
|---|---|---|
| 04.22.13 | Southwest Airlines | 718.10 |
| 08.14.13 | Enterprise Rental Cars | 178.12 |
| 08.14.13 | Holiday Inn | <u>95.00</u> |
| | | **991.22** |

| | | |
|---|---|---|
| | TOTAL | **3,265.65** |

### IV.  CONCLUSION

For the reasons more fully explained above, Plaintiffs respectfully request that the Court award reasonable attorneys' fees in the amount of $31,725.00 and costs in the amount of $3,265.65.

Respectfully submitted,

  /s/ Mark Whitburn
**Mark Whitburn**
Texas Bar No. 24042144
**Whitburn & Pevsner, PLLC**
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: (817) 592-3488
Fax: (512) 519-2098
mwhitburn@whitburnpevsner.com
**Garth Corbett**
Texas Bar No. 04812300
**Elise Mitchell**
Texas Bar No. 01478720
**Disability Rights Texas**
2222 W. Braker Lane
Austin, Texas 78758
Tel: (512) 454-4816
Fax: (512) 323-0902
gcorbett@disabilityrightstx.org
emitchell@disabilityrightstx.org

Attorneys for Plaintiffs

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel for Defendants, Andrew Stephens and Eric Vinson, by email on August 29, 2013, and in subsequent telephone conversations and that they expressed their clients' opposition to the attorney fee amounts sought in the foregoing document.

/s/ Mark Whitburn
Mark Whitburn

**CERTIFICATE OF SERVICE**

I certify that on this 30th day of September, 2013, a true and correct copy of this Motion for Attorneys' Fees was transmitted via ECF to all counsel of record.

                                              /s/ Mark Whitburn
                                              Mark Whitburn